UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | No. | 08 CR 454 |
| | ) | | |
| v. | ) | | |
| | ) | | |
| WILLIAM HARDY | ) | Chief Judge James F. Holderman | |

**GOVERNMENT'S FIRST AGREED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 34-day extension of time, to and including August 7, 2008, in which to seek the return of an indictment against the defendant, for the following reasons:

1. On June 3, 2008, United States Magistrate Judge Sidney I. Schenkier signed a Criminal Complaint charging the defendant with a violation of 18 U.S.C. § 2113(a)(bank robbery). The Complaint alleged that the defendant robbed the Fifth Third Bank on March 6, 2008. The Federal Bureau of Investigation (FBI) and Chicago Police Department (CPD) arrested the defendant on June 4, 2008, and he appeared in court on June 5, 2008. Under the Speedy Trial Act, the case must be indicted by July 4, 2008.

2. The defendant waived, without prejudice, his right to detention and probable cause hearings.

3. The Complaint charged the defendant with one bank robbery. However, surveillance videos and photos from other banks, witness statements and the defendant's own statements show that the defendant was involved in multiple additional robberies. The government has diligently

used the time since the defendant's arrest to pursue investigation of the additional robberies; however, it needs additional time to finish its investigation.

    4.  Among the factors identified by Congress relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161 (h)(8)(B), which provides in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because ... the facts upon which the grand jury must base its determination are unusual or complex; [and]
>
> Whether the failure to grant such continuance in a case which, as taken as a whole, is not so unusual or complex as to fall within clause (ii), ... would deny counsel for ... the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§3616(h)(8)(B)(iii), (iv).

    5.  To avoid wasting the Grand Jury's time and the judiciary's time, the government requests an additional 34 days to indict the defendant on all charges at the same time.

    6.  The United States estimates that a 34-day extension from the current expiration date of July 4, 2008, to and including August 7, 2008, will be sufficient time within which to return an indictment in this matter.

    7.  On July 1, 2008, counsel for the government, John Hauser, spoke to counsel for Hardy, Keri Ambrosio, and asked whether she agreed to this motion.  Ms. Ambrosio said she would not oppose the motion.

    8.  A proposed order is attached to this motion, and will also be emailed to the Court.
.

WHEREFORE, the United States respectfully requests a 34-day extension of time from July 4, 2008 to and including August 7, 2008 in which to seek an indictment in this case.

                Respectfully submitted,

                PATRICK J. FITZGERALD
                United States Attorney


By:   /s/ John R. Hauser_____
       JOHN R. HAUSER
       Assistant United States Attorney
       United States Attorney's Office
       219 South Dearborn Street
       Chicago, Illinois  60604
       (312) 353-8728

Dated: July 1, 2008